IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02255-BNB

ISSIAKA I. NAMOKO,

    Plaintiff,

v.

CORNISH & DELL'OLIO LAW FIRM,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 30 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Issiaka I. Namoko, has filed *pro se* a complaint. The court must construe the complaint liberally because Mr. Namoko is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Namoko will be ordered to file an amended complaint.

The court has reviewed the complaint and has determined that it is deficient because the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Namoko fails to set forth a short and plain statement of the grounds on which the court's jurisdiction depends and he fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It is clear that Defendant represented Mr. Namoko in a prior lawsuit in this court. *See Namoko v. Cognisa Security, Inc.*, No. 05-cv-00763-WDM-MEH (D. Colo. July 31, 2007). It also is clear that Mr. Namoko is not satisfied with the representation he received in that action. However, Mr. Namoko fails to cite the statutory authority that allows him to assert his claims against Defendant in this court in this action. Mr. Namoko's reference to 28 U.S.C. § 1343 and his statements that his civil rights have been violated do not demonstrate that the court has jurisdiction over this action because he fails to allege specific facts to demonstrate any violations of his civil rights. Furthermore, Mr. Namoko fails to allege any facts to demonstrate that he can assert his civil rights claims against the named Defendant in

this court in this action. Therefore, Mr. Namoko will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8. In order for Mr. Namoko "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Namoko file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Namoko, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Mr. Namoko fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED October 30, 2007, at Denver, Colorado.

BY THE COURT:

  s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   07-cv-02255-BNB

Issiaka I. Namoko
PO Box 1253
Colorado Springs, CO 80901

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 10/30/07

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk