IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02255-WDM-CBS

ISSIAKA I. NAMOKO,
    Plaintiff,
v.

CORNISH AND DELL'OLIO LAW FIRM,
    Defendant.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Namoko's failure to appear at the February 1, 2008 Scheduling Conference, failure to appear at the March 3, 2008 Scheduling Conference, failure to timely serve the Defendant, failure to prosecute this civil action, failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to respond to the court's Order to Show Cause dated March 3, 2008, and failure to appear at the April 21, 2008 status conference. Pursuant to the Order of Reference dated November 26, 2007 (doc. # 8), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, . . ." The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Proceeding *pro se*, Mr. Namoko filed the instant action on October 17, 2007. (*See* doc. # 1 ("Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915")). Mr. Namoko alleges three claims based on alleged violations of the Colorado Rules of Professional Conduct and a fourth claim for violation of an attorney-client contract, all related to a separate civil lawsuit. (*See* Amended Complaint (doc. # 5)). As relief, Mr. Namoko seeks monetary damages. (*See id.* at p. 9 of 9).

On December 5, 2007, Magistrate Judge Michael E. Hegarty recused from this action based on his involvement in settlement negotiations in the separate civil lawsuit. (*See* doc. # 13). This action was reassigned to Magistrate Judge Craig B. Shaffer on December 5, 2007. (*See* doc. # 14).

A Scheduling Conference was set on February 1, 2008 by a Minute Order dated November 27, 2008 (doc. # 9). The court mailed a copy of the Minute Order to Mr. Namoko at his address of record at that time. (*See* doc. # 9, Notice of Electronic Filing).[1] Mr. Namoko's copy of the Minute Order was not returned to the court in the mail as undeliverable. The court held the Scheduling Conference on February 1, 2008. Mr. Namoko did not appear in person or through counsel. Mr. Namoko did not contact the court to explain his failure to appear. No one appeared at the Scheduling Conference on behalf of Defendant.

The Scheduling Conference was reset on March 3, 2008 by a Minute Order dated February 5, 2008 (doc. # 18). The court mailed a copy of the Minute Order to Mr.

---

[1] On January 18, 2008, Mr. Namoko notified the court of his new address at "243 W. 116th St. New York, NY Apt. 5C."

Namoko at his new address. (*See* doc. # 18, Notice of Electronic Filing). The court held the Scheduling Conference on March 3, 2008 at 10:00 a.m. Mr. Namoko did not appear in person or through counsel. Nor did Mr. Namoko contact the court to explain his failure to appear. Again, no one appeared at the Scheduling Conference on behalf of Defendant.

On March 3, 2008, the court ordered Mr. Namoko to show cause on or before Tuesday March 25, 2008 why it should not recommend that this civil action be dismissed for failure to appear at the February 1, 2008 Scheduling Conference, failure to appear at the March 3, 2008 Scheduling Conference, failure to timely serve the Defendant, failure to prosecute this civil action, and failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure. (*See* doc. # 20). The court advised Mr. Namoko that failure to adequately respond to the Order to Show Cause on or before Tuesday March 25, 2008 may result in a Recommendation for dismissal of this civil action without further notice. (*See id.*).

As of this date, Mr. Namoko has not responded to the court's Order to Show Cause. By Order dated March 31, 2008 (doc. # 21), the court set a status conference on April 21, 2008 at 8:30 a.m. and indicated that Mr. Namoko could appear in person or via telephone. The court warned Mr. Namoko that failure to appear at the status conference may result in a recommendation that this civil action be dismissed without further notice. (*See* doc. # 21). The court mailed a copy of the Order to Mr. Namoko at his address of record with the court. (*See* doc. # 21, Notice of Electronic Filing). Mr.

Namoko's copy of the Order has not been returned to the court in the mail as undeliverable. The court held the status conference on April 21, 2008 at 8:30 a.m. Mr. Namoko did not appear in person, via telephone, or through counsel. Mr. Namoko has not contacted the court to explain his failure to appear. No one appeared at the status conference on behalf of Defendant.

II.     Analysis

Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show case order, a district judge . . . may enter an order of dismissal with or without prejudice.

D.C. COLO. LCivR 41.1. Mr. Namoko has failed to appear at the February 1, 2008 Scheduling Conference, failed to appear at the March 3, 2008 Scheduling Conference, failed to comply with the court's Orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failed to respond to the court's Order to Show Cause dated March 3, 2008, failed to appear at the April 21, 2008 status conference, and failed to prosecute this civil action. For these reasons, this civil action may properly be dismissed with or without prejudice.

Further, Mr. Namoko has failed to timely serve defendant. Fed. R. Civ. P. 4(m) provides that

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

As of this date, Mr. Namoko has not filed with the court any proof of service on the Defendant and approximately six months have passed since the filing of the initial Complaint. Nor has Mr. Namoko requested an extension of time to serve Defendant or taken any steps to prosecute this action.

Without proof of service, the court lacks personal jurisdiction over the Defendant. *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted). For failure to timely serve the Defendant, this civil action may properly be dismissed without prejudice.

As the statute of limitations could bar refiling of Mr. Namoko's claims and in order to recommend dismissal of this civil action with prejudice, the court must analyze the factors set forth in *Ehrenhaus v. Reynolds* in order to explain the recommended dismissal. 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with prejudice as sanction for violation of discovery order). *See Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria"). *See also Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986) ("when a case is

dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal.").

The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Ehrenhaus*, 965 F.2d at 921.

First, there has been no actual prejudice to the Defendant, as it has not yet been served in this action. Second, judicial resources have been expended on setting, resetting, monitoring, and issuing orders in this civil action. Third, the record does not reveal that anyone other than Mr. Namoko is culpable for his failure to appear at the February 1, 2008 Scheduling Conference, failure to appear at the March 3, 2008 Scheduling Conference, failure to timely serve the Defendant, failure to prosecute this civil action, failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to respond to the court's Order to Show Cause dated March 3, 2008, and failure to appear at the April 21, 2008 status conference. Fourth, the court has repeatedly warned Mr. Namoko that this civil action may be dismissed for his failure to timely serve the Defendant, failure to prosecute this civil action, and failure to comply

with the court's orders, the Local Rules of Practice, and the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(m) also provides sufficient warning that failure to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint may result in dismissal without prejudice. Fifth, there is no lesser sanction available under the circumstances. It would be pointless to impose a financial sanction on Mr. Namoko, who has consistently failed to comply with the court's orders. Four out of five *Ehrenhaus* factors thus support dismissal of this civil action with prejudice.

Accordingly, IT IS RECOMMENDED that this civil action be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve Defendant and pursuant to D.C. COLO. LCivR 41.1 for failure to appear at the February 1, 2008 Scheduling Conference, failure to appear at the March 3, 2008 Scheduling Conference, failure to prosecute this civil action, failure to comply with the court's orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to respond to the court's Order to Show Cause dated March 3, 2008, and failure to appear at the April 21, 2008 status conference.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of

Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir.

8

2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 21st day of April, 2008.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge